No. 25-_____

# In the United States Court of Appeals for the Fourth Circuit

◆

IN RE JONATHAN F. BALL,

*Petitioner.*

◆

On Petition for a Writ of Mandamus
from the United States District Court
for the District of Maryland at Greenbelt
8:22-cr-00291-LKG
(Honorable Lydia Kay Griggsby)

◆

PETITIONER'S OMNIBUS REPLY TO THE RESPONSES FILED BY
THE UNITED STATES AND BY MATTHEW C. BROWNDORF

◆

JONATHAN F. BALL, ESQ. (*PRO SE*)
 PA ATTORNEY ID NO. 59420
2046 MOUNT VERNON STREET
PHILADELPHIA, PA 19130-3236
(215) 570-8743
jball@comcast.net

CVRA MOVANT-PETITIONER

**TO THE HONORABLE COURT OF APPEALS**

Petitioner Jonathan F. Ball, appearing through himself as legal counsel, respectfully submits this omnibus reply to address issues interjected by the responses to Petitioner's Petition for a Writ of Mandamus filed by both the United States and by Matthew C. Browndorf pursuant to this Court's Notice Requesting Responses issued on March 20, 2025 (Doc. 6). F.R.A.P. 21(b) or Loc. R 21(d) are ambiguous regarding whether reply briefing may be filed, either with or without leave of court. Petitioner has filed this response without first seeking the Court's permission given the rapidly expiring 72-hour period for this Court's determination of the CVRA petition. If, however, permission is required, Petitioner respectfully requests leave to file this reply, and requests that the Court consider it as if leave had been requested and granted.

The positions posited by the Government and Defendant Browndorf are devoid of merit for the following reasons:

1. <u>Petitioner's CVRA petition is not barred by 18 U.S.C. § 3771(d)(5)(C)</u>

The Government's response ignores and is flat out contrary to the express clear and unambiguous language of 18 U.S.C. § 3771(d)(5)(C) for two reasons. First, that provision applies only where the CVRA petition seeks to re-open a plea agreement in which the defendant pleads guilty to the highest offense charged. Here, Petitioner is not seeking to re-open the plea agreement but rather is seeking

1

to re-open sentencing. Second, the Government also overlooks the express proviso that "[t]his paragraph does not affect the victim's right to restitution …." 18 U.S.C. § 3771(d)(5)(C). Petitioner sought restitution in the district court and is seeking restitution through his CVRA petition in this Court. Thus, the provision involved by the Government cannot apply to Petitioner's claim for restitution.

Quite simply, nothing in the provision invoked by the Government precludes Petitioner's CVRA petition. Yet the Government suggests that Petitioner failed to disclose it as controlling authority adverse to Petitioner's position. Both facets of the Government's argument must be rejected.

2. Respondents' Reliance of Petitioner's Written Submission is Misplaced

This Court should reject the notion advanced by both the Government and Defendant Browndorf that Petitioner was "reasonably heard" if he qualifies for CVRA "victim" status because the district court stated it had or would consider a written submission Petitioner made before the Government and Defendant Browndorf raised on the record their objections that Petitioner was not a "victim." Instead, this Court should adopt and follow the well-reasoned decision in *Kenna v. U.S. Dist. Ct. – C.D. Cal.*, 435 F.3d 1011 (9th Cir. 2006), which held that the Crime Victims' Rights Act, 18 U.S.C. § 3771, give victims the right to allocate at sentencing hearings. After reviewing the legislative history of the CVRA to resolve any ambiguity as to whether the statute conferred the right for victims to

2

speak at sentencing hearings, the *Kenna* court pertinently explained: "Limiting victims to written impact statements, while allowing the prosecutor and the defendant the opportunity to address the court, would treat victims as secondary participants in the sentencing process. The CVRA clearly meant to make victims full participants." *Id*. at 1016.

For the foregoing reasons, the district court's supposed consideration of Petitioner's written submission did not render the district court's deprivation of Petitioner's right to orally address the district court at the sentencing harmless error. Indeed, it is inherently inconsistent for the district court to have ruled that Petitioner was not a "victim" without even allowing him the opportunity to argue that he was indeed a "victim" while at the same time indicating that it had considered or would consider his written victim impact statement made before the Government or Defendant Browndorf raised any objection regarding Petitioner's "victim" status.

   3. Petitioner Has Not Yet Been Afforded a Fair Opportunity to Develop a <u>Record and Present Legal Argument Regarding His "Victim" Status</u>

The Government and Defendant Browndorf both put the proverbial cart before the horse by arguing that Petitioner did not establish that he was a "victim" or otherwise qualified for "victim" status. Petitioner's point is that when the Government and Defendant Browndorf first argued to the district court that Petitioner was not a "victim" at the sentencing hearing, Petitioner should have been

3

afforded the opportunity to allocate, present documents, and make legal arguments, to establish that the district court should declare him a "victim." The record is abundantly clear that Petitioner requested that opportunity, but the district court summarily denied Petitioner's request.

For the foregoing reasons, this Court should grant the writ of mandamus and either remand this matter to the district court or, alternatively, order full briefing on the merits of any purely legal aspects of determining whether Petitioner should be declared a "victim" before remanding this matter to the district court for further proceedings.

Date: March 21, 2025

Respectfully submitted,

By: /s/ Jonathan Ball
Jonathan F. Ball
2046 Mount Vernon Street
Philadelphia, PA  19130-3236
(215) 570-8743
jball@comcast.net
*CVRA Movant-Petitioner*

4

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that:

1. The foregoing reply contains 789 words, which is less than one-half of the 7,800 word limit for a CVRA petition for a writ of mandamus; and

2. This petition for writ of mandamus complies with the type face and type style requirements because it has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2501 Build 16.0.18429.20132) 64-bit in 14 point Times New Roman.

                                                      Jonathan F. Ball
                                                      2046 Mount Vernon Street
                                                      Philadelphia, PA  19130-3236
                                                      (215) 570-8743
                                                      jball@comcast.net

                                                      *CVRA Movant-Petitioner*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 21, 2025, the foregoing Reply was filed electronically with the Office of the Clerk, and that all participants in this matter were served copies by the Court's ECF system.

*/s/ Jonathan Ball*
Jonathan F, Ball
2046 Mount Vernon Street
Philadelphia, PA  19130-3236
(215) 570-8743
jball@comcast.net

6