**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1264

In re: JONATHAN F. BALL

          Petitioner.

On Petition for Writ of Mandamus

Submitted: March 21, 2025           Decided: March 22, 2025

Before THACKER, RICHARDSON, and BENJAMIN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jonathan F. Ball, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner has filed a petition for writ of mandamus pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, alleging that he is a crime victim and that the district court failed to afford him the opportunity to prove that status and assert his rights under the Act.

Petitioner is an attorney formerly employed by New Jersey law firm BP Fisher. The firm's managing attorney, Matthew Browndorf, pleaded guilty to wire fraud and money laundering related to his misallocation of client funds held in trust in Maryland. Petitioner contends that, as an employee of BP Fisher, he discovered that the firm was operating in New Jersey without having opened an Interest on Lawyers' Trust Account in that state and took steps to report Browndorf to the New Jersey Office of Attorney Ethics. Petitioner was subsequently terminated from his position with the firm, which he attributes to Browndorf's perceiving him as a threat to Browndorf's ongoing criminal scheme. Petitioner successfully sued Browndorf and the firm for unlawful termination under state law, receiving a judgment against Browndorf in the amount of $925,731.19 plus costs.

Petitioner contends that his termination is an injury attributable to Browndorf's criminal activity such that he is entitled to the rights enumerated in the CVRA. In an attempt to assert those rights, Petitioner submitted a letter styled as a Victim Impact Statement to the Assistant United States Attorney (AUSA) prosecuting Browndorf, in which he requested that the district court impose the maximum sentence and include Petitioner's judgment against Browndorf as part of its restitution order. The AUSA

2

submitted the letter to the district court approximately one week before Browndorf's sentencing hearing. Petitioner attended the sentencing hearing in the hope that he would be allowed to address the court as a crime victim under the CVRA. At that hearing, both the Government and Browndorf's defense counsel stated that they did not believe Petitioner to qualify as a victim under the CVRA. The court concluded that Petitioner was not a victim in the criminal case and that his statements "would not be considered in the context of a victim impact statement." The court noted, however, that it had received and reviewed Petitioner's letter prior to the sentencing hearing. Petitioner then attempted to be heard on the matter, saying "If I may, Your Honor …" but the district court refused to allow him to continue.

Petitioner now seeks mandamus relief, arguing that the district court failed to afford him an opportunity to prove his status as a crime victim entitled to the CVRA's protections.

Under the CVRA, persons "directly and proximately harmed as a result of the commission of a Federal offense," 18 U.S.C. § 3771(e)(2)(A), are entitled to be afforded reasonable protection from the accused, to be notified of court proceedings involving the crime, to participate in court proceedings involving the crime, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, to be treated with fairness, to be informed of any plea bargain, and to be informed of the rights provided under the CVRA, 18 U.S.C. § 3771(a). These rights may be asserted in the district court by the victim, the victim's lawful representative, or the Government. *See* 18 U.S.C. § 3771(d)(1), (3). The district court must "take up and

3

decide any motion asserting a victim's rights forthwith," and if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). In deciding a CVRA mandamus petition, a court of appeals "shall apply ordinary standards of appellate review." 18 U.S.C. § 3771(d)(3) (2015); *see In re Brown*, 932 F.3d 162, 172 (4th Cir. 2019) (reviewing for abuse of discretion).

Petitioner here argues that, because he was not allowed to speak at the sentencing hearing, he was deprived of the opportunity to prove his status as a crime victim. We disagree.

The CVRA directs the district court to "take up and decide" any motion[*] asserting a victim's right. Beyond requiring the district court to make its decision "forthwith," the Act does not set forth any particular procedural requirements. It does not direct the district court to conduct a hearing or to allow oral argument to determine the rights of a purported victim. Rather, the district court's limited charge is to consider any motion asserting those rights and make a decision without delay. The district court here did exactly that when it reviewed Petitioner's letter submitted prior to the sentencing hearing. That letter described Petitioner's relationship to Browndorf and his

---

[*] We view Petitioner's letter, styled as a Victim Impact Statement, as sufficient to constitute a motion to assert his rights under the CVRA. *See United States v. Sullivan*, 118 F.4th 170, 230–31 (2d Cir. 2024) ("[T]he victim's assertion of its right is a 'motion,' regardless of whether it is styled as a 'memorandum,' 'petition,' or 'application.' After all, a motion is simply '[a] written or oral application requesting a court to make a specified ruling or order.' Motion, BLACK'S LAW DICTIONARY (12th ed. 2024); 56 Am. Jur. 2d Motions, Rules, and Orders § 1 (2020) ('The term "motion" generally means an application made to a court or judge to obtain a rule or order directing some act to be done in the applicant's favor in a pending case.')").

4

crimes, the purported harm Petitioner suffered as a result of those crimes, and Petitioner's suggestions as to an appropriate sentence and restitution terms. This written submission provided sufficient information to allow the district court to assess whether Petitioner was entitled to the CVRA's protections.

We likewise find no abuse of discretion in the district court's finding that Petitioner is not a victim under the CVRA.

The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(d)(3). Petitioner argues that he was wrongfully terminated when he discovered BP Fisher and Browndorf's mishandling of client funds in New Jersey. He attributes his termination to Browndorf's retaliation against him for reporting Browndorf to the New Jersey Office of Attorney Ethics and to Browndorf's attempt to eliminate Petitioner as a threat to his criminal activity.

Petitioner's alleged harm is too attenuated to give rise to crime victim's rights. Direct harm to a victim requires the harm to be "closely related to the conduct inherent to the offense, rather than merely tangentially linked." *In re McNulty*, 597 F.3d 344, 352 (6th Cir. 2010). Browndorf committed wire fraud and money laundering while misappropriating client funds held in a Maryland trust account. Petitioner states that he was unaware of Browndorf's criminal activity, having only discovered evidence of ethical violations in New Jersey related to Browndorf's failure to maintain a trust account in that state. Beyond their thematic similarities, Browndorf's ethical failings in New Jersey and his criminal activities in Maryland are unrelated. And Petitioner's

5

description of the circumstances of his termination from BP Fisher suggest no connection to the Maryland crimes. He is not, therefore, a crime victim within the meaning of the CVRA.

Accordingly, the petition for writ of mandamus is denied. The court dispenses with oral argument pursuant to Fed. R. App. P. 34(e)(2)(A).

*PETITION DENIED*